UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK ULERY, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>CASS COUNTY JAIL, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-430 RM |

OPINION AND ORDER

Mark Ulery, a prisoner committed to the Indiana Department of Correction, submitted a complaint under 42 U.S.C. § 1983, alleging officials at the Cass County Jail denied him medical treatment for serious injuries while he was there as a parole violator. He says he doesn't know the names of the custody officers or nurses who denied him treatment, and names the Cass County Jail and "unkown correctional officers" and "unknown medical staff" as defendants.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Ulery brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

> The Seventh Circuit has emphasized that "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73, 104 S.Ct. 2229.

Moore v. Speybroeck, 74 F.Supp.2d 850, 852-53 (N.D. Ind. 1999).

Mr. Ulery asserts that he suffered a serious injury before he was confined at the jail. He states that he was under the treatment of a doctor but that jail officials refused to let him

see his doctor or to make alternative arrangements to receive medical attention. Mr. Ulery states that for several days nurses and custody officers left him in severe pain, that he was bleeding through his catheter tube during this time, and that his wound became infected.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in Farmer v. Brennan and Wilson v. Seiter is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Giving Mr. Ulery the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim against the jail officials who denied him treatment under the standards set forth in Estelle v. Gamble.

But the only identifiable defendant Mr. Ulery names is the Cass County Jail and he may not proceed against the jail in this action. Section 1983 imposes liability on any "person" who violates an individual's federally "under color of state law." But a jail is a building, and "is not a 'person' — it is not a legal entity to begin with." Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993).

Mr. Ulery states that he does not know the names of the custody officers and nurses who denied him treatment and left him bleeding and in pain. In these circumstances, service may be made on a senior jail official for the purpose of identifying the actual names of proper defendants whose names the plaintiff does not know. Antonelli v. Sheahan, 81

3

F.3d 1422, 1428 (7th Cir. 1996). Accordingly, the court will allow Mr. Ulery to name the Cass County Sheriff as a defendant for the sole purposed of allowing the plaintiff to conduct discovery to identify the persons who he believes actually violated his federally protected rights. After the expiration for the deadline for filing an amended complaint, the court will dismiss the sheriff if the plaintiff files no amended complaint or if the amended complaint does not allege that the sheriff is a proper defendant in this case.

For the foregoing reasons, the court:

(1) DIRECTS the Clerk to add the Cass County Sheriff as a defendant in this case and prepare the materials necessary to serve the sheriff, and DIRECTS the United States Marshals Service to effect service of process on the Cass County Sheriff on the plaintiff's behalf;

(2) DIRECTS the clerk to ensure that a copy of this order is served on the sheriff along with the summons and complaint;

(3) ORDERS the Cass County Sheriff to appear and respond to discovery;

(4) Pursuant to 42 U.S.C. § 1997e(g)(2), WAIVES the sheriff's obligation to file an answer to this complaint;

(5) DIRECTS the clerk to mail a 42 U.S.C. § 1983 Prisoner Complaint packet to the plaintiff along with a copy of this order; and

(6) ENTERS the following scheduling order, which, pursuant to Federal Rule of Civil Procedure 16(b), shall not be modified except upon a showing of good cause: all discovery shall be initiated by December 28, 2005, and the plaintiff shall submit any amended complaint by February 28, 2006.

SO ORDERED

ENTERED: September 27, 2005

                            /s/ Robert L. Miller, Jr.
                            The Honorable Chief Judge
                            United States District Court